UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARQUIS T.,

                                    Plaintiff,                        **DECISION**
                                                                              **and**
                    v.                                                      **ORDER**

MARTIN O'MALLEY,[1] Commissioner of                    **21-CV-6146F**
  Social Security,                                                     (**consent**)

                                    Defendant.
_____

APPEARANCES:          HILLER COMERFORD INJURY & DISABILITY LAW PLLC
                                Attorneys for Plaintiff
                                KENNETH R. HILLER,
                                IDA M. COMERFORD, and
                                KELLY ELIZABETH LAGA-SCIANDRA, of Counsel
                                6000 North Bailey Avenue
                                Suite 1A
                                Amherst, New York  14226

                                TRINI E. ROSS
                                UNITED STATES ATTORNEY
                                Attorney for Defendant
                                Federal Centre
                                138 Delaware Avenue
                                Buffalo, New York  14202
                                            and
                                KATHRYN L. SMITH
                                Assistant United States Attorney, of Counsel
                                100 State Street
                                Rochester, New York  14614
                                            and
                                JASON PARKERSON PECK, and
                                ARIELLA RENEE ZOLTAN
                                Special Assistant United States Attorneys, of Counsel
                                Social Security Administration
                                Office of General Counsel
                                6401 Security Boulevard
                                Baltimore, Maryland  21235

---

[1] Martin O'Malley became the Acting Commissioner of the Social Security Administration on December 20, 2023, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 11, 2024, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned in accordance with this court's June 29, 2018 Standing Order.  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on December 23, 2021 (Dkt. 8), and by Defendant on April 19, 2022 (Dkt. 10).

## BACKGROUND

Plaintiff Marquis T. ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 416.1383(c)(3) seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application ("application") filed with the Social Security Administration ("SSA") on October 9, 2014, for Supplemental Security Income under Title XVI of the Act ("disability benefits"). Plaintiff alleges he became disabled on October 31, 2011, based on a back impairment stemming from a motor vehicle accident for which Plaintiff underwent surgical implantation of rods in his back which rendered Plaintiff unable to bend, pain, and numbness in his legs.  AR[2] at 163-71.  Plaintiff's application initially was denied on December 29, 2014.  AR at 76-87.

On January 20, 2015, Plaintiff requested an administrative hearing, AR at 88-90, which was granted with the administrative hearing held February 7, 2017, in Rochester, New York, before Administrative Law Judge ("ALJ") John P. Costello ("the ALJ") ("the first hearing").  AR at 24-65. Appearing and testifying at the hearing were Plaintiff,

---

[2] References to "AR" are to the Bates-numbered pages of the Administrative Record electronically filed by Defendant on July 26, 2021 (Dkt.7).

represented by legal counsel Justin Goldstein, Esq., and impartial vocational expert ("VE") Peter Mansy.  On May 2, 2017, the ALJ issued a decision denying Plaintiff's claim based on a finding that Plaintiff remains capable of performing work at the sedentary level as defined under the relevant regulations, AR at 8-21 ("first ALJ decision"), which Plaintiff timely appealed to the Appeals Council ("administrative appeal").  AR at 141-42.  On April 26, 2018, the Appeals Council denied Plaintiff's request for review, AR at 1-5, thereby rendering the first ALJ decision the Commissioner's final decision at that time on Plaintiff's disability benefits application.

On June 25, 2018, Plaintiff commenced an action in this court seeking judicial review of the first ALJ decision, *Tisdale v. Comm'r of Soc. Sec.*, No. 18-CV-06472-LJV (W.D.N.Y.), and an Order entered on January 7, 2020, vacated the first ALJ decision and remanded the matter to the Commissioner for further administrative proceedings on the issue of whether Plaintiff can sit for six hours during an eight-hour workday as required for sedentary work.  *Tisdale v. Commissioner of Soc. Sec.*, 2020 WL 85128, at *4 (W.D.N.Y. Jan. 7, 2020); AR at 531 ("the District Court's Order").  On February 5, 2020, the Appeals Council entered an order vacating the first ALJ decision and remanding the matter to an ALJ for further proceedings consistent with the District Court's Order.  AR at 533-38 ("Appeals Council's Order").

Upon remand by the Appeals Council, the matter was again assigned to ALJ Costello, before whom a second administrative hearing was held on July 21, 2020, by telephone conference ("the second hearing").  AR at 457-73.  Appearing and testifying by telephone at the second hearing were Plaintiff, represented by legal counsel Anthony DeMarco, Esq., along with an impartial VE Dawn Blythe.  When the ALJ realized that

because of the COVID-19 pandemic, Plaintiff had not been able to schedule a necessary consultative physical examination, the second hearing was adjourned to permit Plaintiff an opportunity to undergo the examination.  AR at 472-73.  On October 19, 2020, a third administrative hearing was held by telephone before ALJ Costello ("the third hearing" or "the administrative hearing").  AR at 430-56.  Appearing and testifying by telephone at the third hearing were Plaintiff, represented by Mr. DeMarco, and impartial VE Robert Baker ("the VE").  At the third hearing, the VE, in response to the ALJ's question, testified that if Plaintiff were to miss up to four days of work per month because of his physical impairment, it would rule out all employment for Plaintiff because the maximum allowed absences is only one per month.  AR at 454.  On October 27, 2020, ALJ Costello issued a decision granting Plaintiff disability benefits as of December 9, 2019, but otherwise denying Plaintiff's claim, AR at 406-29 ("second ALJ decision" or "the ALJ's decision), which then became the Commissioner's final decision on Plaintiff's disability claim.

On February 11, 2021, Plaintiff commenced the instant action seeking review of the second ALJ decision denying Plaintiff disability benefits for the period October 31, 2011 to December 9, 2019.  On December 23, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 8) ("Plaintiff's Motion"), attaching Plaintiff's Memorandum of Law in Support of a Motion for Judgment on the Administrative Record (Dkt. 8-1) ("Plaintiff's Memorandum").  On April 19, 2022, Defendant moved for judgment on the pleadings (Dkt. 10) ("Defendant's Motion"), attaching the Brief in Support of the Acting Commissioner's Motion for Judgment on the Pleadings and in Response to Mr. Tisdale's Brief Pursuant to Local Civil Rule 5.5 (Dkt. 10-1) ("Defendant's

Memorandum").  On May 31, 2022, Plaintiff filed Plaintiff's Response to the Commissioner's Brief in Brief [*sic*] in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 11) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED in part and DENIED in part; Defendant's Motion is DENIED.  The matter is remanded to the Commissioner for calculation of benefits from October 9, 2014, the date of Plaintiff's disability benefits application, to December 9, 2019, the date on which the ALJ found Plaintiff disabled in the second ALJ decision.

## FACTS[3]

Plaintiff Marquis T. ("Plaintiff"), born April 17, 1989, was 22 years as of his alleged disability onset date ("DOD") of October 31, 2011, and 31 years old as of October 27, 2020, the date of the ALJ's decision.  AR at 29, 143, 162, 423, 437. Plaintiff attended school in regular classes, graduating high school in 2007.  AR at 30, 167, 436-37.  Plaintiff did not serve in the military, and has not completed any specialized training, trade, or vocational school.  AR at 167.  Plaintiff is not married and lives with family, including his mother and grandmother, in a house.  *Id*. at 173, 440, 445.  Plaintiff has two children who he tries to help with homework.  AR at 52-53, 439-40, 445.  Plaintiff has a driver's license, but does not drive because of numbness in his legs, and obtains rides with others for transportation.  176-76, 445-46.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

It is undisputed Plaintiff suffers from a back impairment attributable to an automobile accident on October 31, 2011 ("first accident"), AR at 226, and later exacerbated in a second automobile accident on December 7, 2013 ("second accident").  AR at 298.  Following the first accident, Plaintiff was diagnosed with L4-L5 herniated nucleus pulposus (disc herniation), with lower extremity radiculitis, for which Plaintiff eventually received conservative treatment including chiropractic care.  AR at 362-64.  When Plaintiff's symptoms did not significantly improve, Plaintiff underwent two surgical procedures including an L4-L5 laminotomy (lumbar decompression) on June 12, 2012 performed by spinal surgeon Zair Fishkin, M.D., Phd. ("Dr. Fishkin"), to decrease radicular leg pain, AR at 362-401.  When the first surgery did not alleviate his low back pain, Plaintiff sought a second opinion from Seth M. Zeidman, M.D. ("Dr. Zeidman"), who performed a lumbar fusion surgery on January 22, 2013.  AR at 270-317, 399.

Plaintiff has to limit his movements because of his back impairment and associated constant pain, and his regular activities include laying down, reading, watching television and watching football on the internet.  AR at 176-82.  Plaintiff largely relies on his mother, with whom Plaintiff lives, for many activities including taking medications, and preparing meals.  AR at 174-75.  Plaintiff's pain prevents him from engaging in social activities but Plaintiff does attend church once a month.  AR at 177. Plaintiff maintains that his constant back pain and pain and numbness in his legs and back prevent him from working.  AR at 440-41.

Plaintiff's past relevant work ("PRW") includes working a customer service job in an auto parts retail store, and as a porter in a hospital.  AR at 184-88.  After applying for

disability benefits, Plaintiff attempted to work and from 2015 to 2016, and briefly ran his own cleaning business specializing in floors including stripping and waxing using rented equipment, but Plaintiff's physical impairments often left Plaintiff unable to perform the work, including lifting and operating such equipment as floor buffing machines, requiring Plaintiff to cancel contracts and eventually gave up the business in late 2016.  AR at 30-38.  Plaintiff explained at the third hearing that he continued to seek employment because he has two children for whom he is required to pay child support.  AR at 439-40.  Plaintiff obtained primary medical care at Genesee Internal Medicine.  AR at 319-36, 704-50, 777-97.

In connection with his disability benefits application, Plaintiff underwent consultative examinations in internal medicine by Rita Figueroa, M.D. ("Dr. Figueroa"), on December 11, 2014, AR at 264-68, and by Harbinder Toor, M.D. ("Dr. Toor"), on August 4, 2020.  AR at 765-75.  Dr. Figueroa reported Plaintiff's chief complaint was trauma from his first accident with resulting pain and numbness in his legs for which Plaintiff underwent two surgeries which were unsuccessful in relieving the pain and numbness with his right leg always numb.  AR at 265.  Dr. Figueroa's physically examination of Plaintiff showed limited range of motion ("ROM") of his lumbar spine and Dr. Figueroa diagnosed chronic back pain with lumbar radiculopathy with poor prognosis.  AR at 266-67.  In her medical source statement, Dr. Figueroa assessed Plaintiff with marked limitations for bending, lifting, and carrying due to his failure in both surgeries, along with moderate limitations to prolonged walking.  *Id*. at 268.

Upon physically examining Plaintiff on August 4, 2020, Dr. Toor reported Plaintiff's chief complain was history of low back pain caused by a motor vehicle

accident for which Plaintiff underwent two surgeries, yet continued to experience pain in his mid and lower back, radiating more to the right than the left leg, with tingling and numbness in the legs, rendering it difficult for Plaintiff to engage in physical activity. AR at 766. Plaintiff declined to lay down on the examination table and had a decreased ROM of his lumbar spine. *Id*. at 767. Dr. Toor diagnosed a history of vehicle accidental injury/chronic back pain, and hypertension. *Id*. at 768. Plaintiff's prognosis was fair, and Dr. Toor's medical source statement included that Plaintiff has moderate limitations with standing, walking, or sitting for a long time, moderate to marked limitations to bending, lifting, and carrying, moderate limitations in sitting and driving, moderate to marked limitations for climbing stairs, ramps, ladders, or scaffolds, moderate to marked limitations to bending, kneeling, crouching or crawling, as well as moving mechanical parts. *Id*. Dr. Toor specifically assessed Plaintiff's limitations attributed to his decreased range of motion and pain as lifting and carrying up to 10 pounds on occasion, *id*. at 769, and sitting, standing, and walking for 15 to 30 minutes at a time, for a total of four hours a day. *Id*. at 770.

On December 24, 2014, non-examining State agency review analyst/single decision maker L. Weintraub, SDM ("Weintraub"), reviewed Plaintiff's medical record and completed a Physical Residual Functional Capacity Assessment, reporting Plaintiff, based on his back impairment, had several exertional limitations including occasionally lifting and carrying 20 lbs., frequently lifting and carrying 10 lbs., standing and walking for six hours in an eight-hour workday, sitting for six hours in an eight-hour workday, but was unlimited with regard to pushing and pulling other than as shown for lifting and carrying, could occasionally climb ramps, stairs, ladders, use ropes, and scaffolds,

occasionally balance, stoop, kneel, crouch, and crawl, and based on his education and status as a young worker, retained the residual functional capacity ("RFC"), for light work, and was not limited to unskilled work.  AR at 68-72.

## DISCUSSION

1.     **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine

whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Id*. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

## 2.    Disability Determination

Plaintiff seeks disability benefits pursuant to Title XVI (SSI) of the Act. The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.[5] *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[5] Although the SSI program has special economic eligibility requirements, the requirements for establishing disability under Title II, 42 U.S.C. § 423(d), and Title XVI, 42 U.S.C. § 1382c(a)(3), are identical, so that "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Health and Human Servs.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's RFC which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the

criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

3.      **Analysis of Plaintiff's Arguments**

In the instant case, in the second ALJ decision, the ALJ found that although Plaintiff has engaged in some work since October 31, 2011, his alleged disability onset date ("DOD"), his earnings from such work did not amount to substantial gainful activity ("SGA") and that Plaintiff thus has not engaged in SGA since October 9, 2014, the date Plaintiff filed his disability benefits application.  AR at 413-14.  The ALJ found Plaintiff suffers from the severe impairments of lumbar disc disease and obesity, *id*. at 414, but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 414.

Despite his impairments, the ALJ found Plaintiff, prior to December 9, 2019, retained the RFC to perform a limited range of light work as defined by 20 C.F.R. § 416.967(b), with lifting and carrying restricted to 10 lbs., sitting, standing and walking, each for four hours in an eight-hour workday, requires the ability to shift positions every 20 minutes, can continuously balance, and occasionally can crawl, crouch, kneel, stoop, and climb stairs, ramps, ladders, use ropes, and scaffolds, and can tolerate exposure to moving mechanical parts and operate a motor vehicle, but cannot work around unprotected heights.  AR at 414-19.  The ALJ, however, further found that as of December 9, 2019, Plaintiff's RFC remained the same as prior to December 9, 2019,

except for the additional restriction of missing four days of work each month.  AR at 419-21.  Plaintiff had no past relevant work ("PRW"), but based on Plaintiff's age in the age category of a younger individual within the ages of 18-49, and given Plaintiff's RFC, high school education, and ability to communicate in English, with transferability of skills irrelevant to the disability determination, there were, prior to December 9, 2019, jobs existing in significant numbers in the national economy that Plaintiff was capable of performing including as a cashier II, ticket seller, and parimutual ticket checker.  *Id*. at 421-22.  Accordingly, the ALJ found Plaintiff was disabled as defined in the Act since December 9, 2019, but not before.  *Id*. at 422-23.

        In support of his motion, Plaintiff argues the ALJ failed to explain his outcome-determinative finding that Plaintiff would, prior to December 9, 2019, miss zero days of work each month, but after December 9, 2019, Plaintiff would miss four days of work per month such that the finding is arbitrary, Plaintiff's Memorandum at 13-20, and the ALJ's determination that Plaintiff could lift and carry up to 10 lbs. is unclear because the ALJ did not specify for how long Plaintiff could lift and carry that weight.  *Id*. at 20-22.  In contrast, Defendant argues that in the second ALJ decision, the ALJ never stated that prior to December 9, 2019, Plaintiff would miss zero days of work each month, Defendants' Memorandum at 6-9, and that the ALJ was not required to specify the period of time for which Plaintiff could lift and carry up to 10 lbs. because that time period is provided by the regulation associated with sedentary work.  *Id*. at 9-10.  In reply, Plaintiff addresses only his first point asserting the ALJ's determination that Plaintiff was disabled as of December 9, 2019, but not prior to that date, was arbitrary, requiring remand.  Plaintiff's Reply at 1-5.

The court first addresses Plaintiff's second argument that the ALJ failed to specify for how long Plaintiff could lift and carry up to 10 lbs., *i.e.*, "rarely, occasionally, frequently, or continuously," rendering the determination unclear.  Plaintiff's Memorandum at 20-22.  In opposition, Defendant argues that the text of the relevant regulation indicates the ALJ found Plaintiff able to frequently lift and carry up to 10 lbs. Defendants' Memorandum at 9-10 (citing 20 C.F.R. § 416.967(b)).  Plaintiff does not argue in further support of this argument.

In the second ALJ decision, the ALJ found that prior to December 9, 2019, "the claimant had the residual functional capacity to perform work activity as defined in 20 CFR 416.976(b) except that he is able to lift and carry to ten pounds . . . ."  The cited regulation, 20 C.F.R. § 416.967(b) defines "light work" which provides, in pertinent part, that "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 416.967(b).  Accordingly, the logical construction of the ALJ's decision is that Plaintiff was limited to lifting and carrying no more than 10 lbs., but could do so frequently.  That Plaintiff does not argue otherwise strongly indicates Plaintiff has abandoned this argument.  Accordingly, as to this argument, Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED.

Plaintiff also argues the ALJ's determination that Plaintiff was disabled as of December 9, 2019, because Plaintiff was then anticipated to miss four days of work, but prior to that date, was not expected to miss any days of work per month, was arbitrary. Plaintiff's Memorandum at 13-20.  In opposition, Defendant argues the ALJ never found Plaintiff would miss no days of work prior to December 9, 2019.  Defendant's Memorandum at 6-9.  In reply, Plaintiff argues that because the ALJ's determination of

Plaintiff's rate of absenteeism before and after December 9, 2019 was the outcome-determinative factor regarding whether Plaintiff was disabled prior to that date, the ALJ was required to explain this determination.  Plaintiff's Reply at 1-5.

It is the ALJ, and not a medical source, who is responsible for assessing a claimant's RFC and if the RFC does not provide for SGA, then determining the claimant's disability onset date.  20 C.F.R. §§ 404.1546(c), 404.1527(d)(2), 416.946(c), 416.927(d)(2).  *See* SSR[6] 83-20, *Titles II & XVI: Onset of Disability*, (S.S.A. 1983) ("SSR 83-20").  A claimant's disability onset date is "the first day an individual is disabled as defined in the Act and the regulations."  SSR 83-20.  "Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence."  *Id*.  Further,

> Onset will be established as of the date of filing provided the individual was disabled on that date. Therefore, specific medical evidence of the exact onset date need not generally be obtained prior to the application date since there is no retroactivity of payment because title XVI payments are made beginning with the date of application provided that all conditions of eligibility are met.

*Id*.

Here, as Plaintiff points out, the only difference in the ALJ's RFC determinations in the second ALJ decision prior to December 9, 2019 and as of December 9, 2019 was Plaintiff's rate of absenteeism, *i.e.*, that aa of December 9, 2019, Plaintiff's physical impairment would cause him to miss four days of work each month which, according to the VE, would rule out all employment for Plaintiff because the maximum allowed number of absences is only one per month.  AR at 454.  Significantly, at the first

---

[6] "SSR" refers to "Social Security Rulings" which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

administrative hearing, VE Mansy, in response to the ALJ's questioning, also testified that missing four days of work per month would preclude Plaintiff from all work, AR at 59, but this rate of absenteeism was not incorporated into the first ALJ decision, nor did the ALJ provide any rationale for finding Plaintiff could be expected to be absent from work four days a month as of December 9, 2019.

"'As a general rule, a claimant's allegation regarding the date of onset must be accepted provided it is consistent with medical evidence of record.'"  *Perry v. Berryhill*, 2019 WL 105304, at *5 (W.D.N.Y. Jan. 5, 2019) (quoting *Nix v. Colvin*, 2016 WL 3681463, at *5 (W.D.N.Y. July 6, 2016) (citing *Corbett v. Comm'r of Soc. Sec.*, 2009 WL 5216954, at *13 (N.D.N.Y. Dec. 30, 2009) (*citing* SSR 83-20, at *3))).  Where, as here, "the ALJ determines the onset date is different than the date the claimant alleges, the ALJ has an affirmative duty to adduce substantial evidence to support the new onset date."  *Id.*  Where the medical evidence of record does not provide a clear onset date and the date must be inferred, the ALJ should seek the assistance of a medical expert at the administrative hearing to make this determination.  *Id.* ("At the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred.").  This the ALJ did not do.

The threshold for substantial evidence "is not high . . . .  It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal citation and quotation marks omitted).  The issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet*, 523 Fed.Appx. at 59 (quoting *Brault*, 683 F.3d at 448) (italics in

original).  In the instant case, the ALJ's decision that Plaintiff was disabled only as of December 9, 2019, based on an anticipated absenteeism rate of four days per month is not supported by substantial evidence in the record; rather, the reasons provided by the ALJ to justify the determination apply equally to Plaintiff prior to that date and at least as far back as October 9, 2014, the date Plaintiff's disability benefits application was filed. *See* 42 U.S.C. § 1382(c)(7) (disability benefits under Title XVI are payable only as of the first day of the month following the date the disability benefits application is filed, or the first day of the month following the date the claimant is determined to be disabled based on the application).

In particular, Defendant attributes the determination that Plaintiff was unable to perform SGA and was thus disabled as of December 9, 2019, to Plaintiff's seeking medical treatment at Genesee Internal Medical on December 9, 2019.  Defendant's Memorandum at 7 (citing AR at 725).  However, the relevant treatment note of Plaintiff's visit that day provides only that Plaintiff tried to return to work as a hospital porter the previous day but was unable to do so because of numbness in his legs.  AR at 725. This statement is not significantly different than previous treatment notes from Genesee Internal Medical.  *See*, *e.g.*, AR at 326 (diagnosing on November 8, 2016 Plaintiff with neuropathy and chronic back pain); AR at 744-45 (reporting on March 14, 2017, that Plaintiff's history includes chronic low back pain, lumbar herniated disk, and neuropathy, and diagnosing Plaintiff with chronic low back pain, sciatica, neuropathy, and spasm). Insofar as the ALJ remarked that Plaintiff "has virtually no treatment records" for the years 2015 through 2018, AR at 418, on November 8, 2016, Plaintiff reported at Genesee Internal Medical that he spent the last several years seeing various physicians

for pain relief and was in debt because of insurance issues, AR at 323, but his insurance was then back in place, AR at 324, and the record is devoid of any evidence that Plaintiff was not disabled during the time he reports a lack of insurance.  *See Perry v. Berryhill*, 2019 WL 105304, at *7 (W.D.N.Y. Jan. 5, 2019) ("there is no contradictory medical evidence in the record that Plaintiff was not disabled during the period he was uninsured and not receiving treatment").

Additionally, there are scant differences between the medical source statements rendered by consultative physicians Dr. Figueroa on December 5, 2014, and Dr. Toor on August 4, 2020, and neither addresses any anticipated rate of absenteeism for Plaintiff.  Further, the parties agree that although Plaintiff continued to attempt to work after filing his disability benefits application on October 9, 2014, Plaintiff did not earn money above the level of SGA.  Significantly, however, Plaintiff's highest earnings were $ 11,853.53 in 2019, and Plaintiff's earning were $ 0 for each year 2013 through 2017, and $ 2,654.41 in 2018.  AR at 619.  Plaintiff's substantially lower earnings for the years prior to 2019 are consistent with Plaintiff's repeated statements that he continued to try to work, but often was unable to do so because of pain and an inability to lift attributed to his back impairment. For example, at his second administrative hearing, Plaintiff explained that in connection with his attempts to work, from 2015 to 2016, Plaintiff briefly ran his own cleaning business specializing in floors including stripping and waxing using rented equipment, but Plaintiff's physical impairments often left Plaintiff unable to perform the work, including lifting and operating such equipment as floor buffing machines, requiring Plaintiff to cancel contracts and Plaintiff eventually gave up

the business in late 2016.  AR at 30-38.  Plaintiff also explained that he continued to attempt to work so as to pay court-ordered child support.  AR at 439-40.

On this record, the court finds the ALJ's determination that Plaintiff was disabled as of December 9, 2019 based on anticipated absences greater than the tolerable limit for SGA caused by Plaintiff's back impairment is supported by substantial evidence in the record.  The complete dearth of evidence establishing that such rate of absenteeism varied significantly prior to that date, however, leads to the inference that Plaintiff was also disabled prior to that date including to the date of his application.

As discussed, *supra*, at 16, here, the ALJ did not seek the assistance of a medical expert to make the inference of Plaintiff's onset date of disability as SSR 83-20 directs.  Nevertheless, no medical evidence in the record establishes Plaintiff was not disabled during the period between his application date and December 9, 2019. Further, Plaintiff's claim has already been remanded by this court and "the Second Circuit has consistently emphasized the importance of the Commissioner's burden to support her step-five determination with substantial evidence, and has held that a reversal with a remand only to calculate damages is warranted when the ALJ has failed to meet that burden."  *Peach v. Berryhill*, 2018 WL 4140613, at *5 (W.D.N.Y. Aug. 30, 2018) (internal quotation marks omitted).

Although SSR 83-20 directs the ALJ to have a medical advisor at the administrative hearing to assist with the determination of an onset date, or otherwise develop the record more thoroughly, that step is not necessary where, as here, the record is complete, such that "further development cannot reasonably be expected to support a finding that Plaintiff is not disabled."  *See Perry*, 2019 WL 105304, at *7 (citing

*Martinez v. Barnhart*, 262 F.Supp.2d 40, 49 (2003) (remanding for calculation and payment of benefits where the record demonstrated disability, there were no other medical records available, and further administrative proceedings would serve no purpose)).  Accordingly, the court finds that remand solely for the calculation and payment of benefits from Plaintiff's application date is warranted.  *See* 42 U.S.C. § 1382(c)(7) (disability benefits under Title XVI are payable only as of the first day of the month following the date the disability benefits application is filed, or the first day of the month following the date the claimant is determined to be disabled based on the application).  Based on Plaintiff's filing of his disability benefits application on October 9, 2014, Plaintiff is entitled to disability benefits from November 1, 2014 through December 31, 2019.


## CONCLUSION

Based on the following, Plaintiff's Motion (Dkt. 8) is GRANTED in part and DENIED in part; Defendant's Motion (Dkt. 10) is DENIED.  The matter is remanded to the Commissioner for calculation of benefits from the application date to the date on which Plaintiff was already awarded disability benefits based on the second ALJ decision in which the ALJ found Plaintiff disabled as of December 9, 2019.  The Clerk of Court is DIRECTED to CLOSE the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      August 20, 2024
             Buffalo, New York

20